Case 13-40443 Doc 69 Filed 10/10/13 Entered 10/10/13 09:57:27 Desc Main Document Page 1 of 4



EOD 10/10/2013

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GURU PROPERTIES, LLC, | § | CASE NO. 13-40443-btr |
| | § | Chapter 11 |
| Debtor. | § | |

### ORDER CONFIRMING DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED JULY 26, 2013, AS MODIFIED

CAME ON FOR CONSIDERATION BY THE COURT the *First Amended Plan of Reorganization Dated July 26, 2013* [Docket No. 53], as modified by that certain *First Modification to Debtor's First Amended Plan of Reorganization Dated July 26, 2013* [Docket No. 63] (collectively, the "Plan"), filed by Guru Properties, LLC ("Debtor"), Debtor in the above-styled and numbered case, and the Court having considered the evidence presented and the arguments of counsel and for the reasons set forth on the record confirms the Plan. It is accordingly,

ORDERED, ADJUDGED AND DECREED that the Plan complies with section 1129 of the Bankruptcy Code, 11 U.S.C. Section 1129, including the following:

    a.    <u>Section 1129(a)(1)</u>.    The Plan complies with the applicable provisions of Title 11.

    b.    <u>Section 1129(a)(2)</u>.    The proponent of the Plan has complied with the applicable provisions of Title 11.

    c.    <u>Section 1129(a)(3)</u>.    The Plan has been proposed in good faith and not by any means forbidden by law.

    d.    <u>Section 1129(a)(4)</u>.    Any payments for services or for costs and expenses in connection with the case, or in connection with the Plan and incident to the case, have been approved by, or are subject to the approval of, this Court as reasonable.

e. <u>Section 1129(a)(5)</u>. The proponent of the Plan has disclosed the identity and affiliation of any individual proposed to serve, after confirmation of the Plan, as an affiliate or successor of the Debtors, the continuation in such employment is in the best interest of the creditors and public policy, and the nature of any compensation for such insider.

f. <u>Section 1129(a)(6)</u>. This provision is not applicable.

g. <u>Section 1129(a)(7)</u>. With respect to each Class of impaired Claims or Interests, each holder of a Claim included in such Class (i) has accepted the Plan, or (ii) will receive or retain on account of such Claim property of value, as of the Effective Date of the Plan, that is not less than the amount such holder would receive or retain if the Debtor were liquidated under Chapter 7 of Title 11 on such date.

h. <u>Section 1129(a)(8)</u>. The impaired class of unsecured creditors has voted for the Plan.

i. <u>Section 1129(a)(9)</u>. The Plan provisions include the following:

1. Holders of Allowed Administrative Claims will be paid in full.

2. Holders of Allowed Priority Claims will be paid pursuant to Section 1129.

j. <u>Section 1129(a)(10)</u>. At least one Class of impaired Claims has voted to accept the Plan, determined without the acceptance of any insider.

k. <u>Section 1129(a)(11)</u>. The Plan is feasible. Confirmation of the Plan is not likely to be followed by the liquidation of, or need for further financial reorganization of, the Debtor. The Debtor has shown it has sufficient cash flow to make the payments called for by the Plan.

l. <u>Section 1129(a)(12)</u>. All fees under 28 U.S.C. § 1930 have been paid or will be paid on the Effective Date.

m. <u>Section 1129(a)(13)</u>. This subsection does not apply to the Debtor.

    n.    <u>Section 1129(a)(14)</u>.  This subsection does not apply to the Debtor.

    o.    <u>Section 1129(a)(15)</u> .  This subsection does not apply to the Debtor.

    p.    <u>Section 1129(a)(16)</u>.  This subsection does not apply to the Debtor.

ORDERED, ADJUDGED AND DECREED that the Plan is hereby confirmed; it is further

ORDERED, ADJUDGED AND DECREED that the priority claim of the Internal Revenue Service in the amount of $4,867.47 will be paid in full ninety (90) days following the Effective Date with interest thereon at the rate of three percent (3%).  The occurrence of any of the following shall constitute an event of default under the Plan:

> **Failure to Make Payments.**  Failure on the part of Debtor to pay fully when due any payment required to be made in respect of the Plan Debt. However, due to the size and ongoing nature of the IRS's claim, upon a default under the plan, the administrative collection powers and the rights of the IRS shall be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, the assessment of taxes, the filing of a notice of Federal (or state) tax lien and the powers of levy, seizure, and as provided under the Internal Revenue Code. As to the IRS:
>
> > (A) If the Debtor or its successor in interest fails to make any plan payment, or deposits of any currently accruing employment or sales tax liability; or fails to make payment of any tax to the Internal Revenue Service within 10 days of the due date of such deposit or payment, or if the Debtor or its successor in interest failed to file any required federal or state tax return by the due date of such return, then the United States may declare that the Debtor is in default of the Plan. Failure to declare a default does not constitute a waiver by the United States of the right to declare that the successor in interest or Debtor is in default.
>
> > (B) If the United States declares the Debtor or the successor in interest to be in default of the Debtor's obligations under the Plan, then the entire imposed liability, together with any unpaid current liabilities, may become due and payable immediately upon written demand to the Debtor or the successor in interest.
>
> > (C) If full payment is not made within 14 days of such demand, then the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code. The IRS shall only be required to send two notices of default, and upon the third event of Default the IRS may proceed to collect on all amounts owed

without recourse to the Bankruptcy Court and without further notice to the Debtor. The collection statute expiration date will be extended from the Petition Date until substantial default under the Plan. All payments will be sent to: IRS, 1100 Commerce Street, Mail Code 5024 DAL, Dallas, Texas 75242, Attn: Bill Morse.

(D) The Internal Revenue Service shall not be bound by any release provisions in the Plan that would release any liability of the responsible persons of the Debtor to the IRS. The Internal Revenue Service may take such actions as it deems necessary to assess any liability that may be due and owing by the responsible persons of the Debtor to the Internal Revenue Service; but the Internal Revenue Service shall not take action to actually collect from such persons unless and until there is a default under the Plan and as set forth above.

it is further

ORDERED, ADJUDGED AND DECREED that the Debtor shall pay the United States Trustee quarterly fees until the Clerk of the Court closes the case and shall file quarterly reports with the United States Trustee in the form required by the Office of the United States Trustee until the case is close.

SIGNED:

Signed on 10/10/2013

_____Brenda T. Rhoades_____ SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE